UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD D. NIELSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUM GROUP CORPORATION, CATHOLIC HEATH INITIATIVES PLAN, AND FRANCISCAN HEALTH SYSTEM,<br><br>        Defendants. | CASE NO. C13-1717RSM<br><br>ORDER ON PENDING MOTIONS TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on two Motions to Dismiss. First, the Court examines the Unum Defendants' (collectively "Unum") Motion to Dismiss Plaintiff's Second and Fifth Causes of Action pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #47. Unum argues that Plaintiff has failed to remedy the deficiencies it had with these Causes of Action in its First Amended Complaint, and otherwise fails to state viable claims. *Id.* Plaintiff opposes the motion, arguing that Unum has misconstrued his claims, and that he has otherwise met the appropriate pleading standard. Dkt. #51. Second, the Court examines Defendant Catholic Health Initiatives' and their affiliates' (collectively "CHI") Motion to Dismiss under

ORDER - 1

Federal Rules of Civil Procedure 12(b)(6) and 41(b). Dkt. #48. CHI argues that Plaintiff violated this Court's prior Order by asserting new claims against CHI that were not allowed by this Court, and that Plaintiff has otherwise failed to assert plausible claims against them. *Id.* Plaintiff agrees that some of the claims may be stricken, but opposes the remainder of the motion. Dkt. #58. Having reviewed the parties' briefing, the record, and relevant case law, and for the reasons stated herein, the Court now GRANTS Unum's Motion to Dismiss, and GRANTS IN PART AND DENIES IN PART CHI's Motion to Dismiss.

## II.   BACKGROUND

This Court has previously set forth the background of this case in its Order on Defendants' first motions to dismiss, and incorporates it by reference herein. *See* Dkt. #41. The Court previously granted Defendants' motions to dismiss Plaintiff's First Amended Complaint, but allowed Plaintiff to file a Second Amended Complaint in an effort to remedy the identified deficiencies. *Id.* Plaintiff's Second Amended Complaint continues to assert multiple state and federal causes of action arising out of Defendants' decision to deny Plaintiff, Dr. Ronald Nielsen, short and long-term disability benefits. Unum and CHI now seek to dismiss several of the pending causes of action in the newly-amended Complaint.

## III.   DISCUSSION

**A. Unum's Motion to Dismiss**

   *1. Second Cause of Action – Breach of Fiduciary Duty*

Unum seeks dismissal of Plaintiff's Second Cause of Action, alleging a state law claim for breach of fiduciary duty, on the basis that there is no fiduciary relationship between it and Plaintiff. Dkt. #47. The Court agrees. Plaintiff alleges that Unum owed him a fiduciary duty as the Claims Administrator under the Short Term Disability ("STD") Program. Specifically,

Plaintiff asserts that the fiduciary relationship between Unum and himself "arose out of Unum's role as the arbiter of claims for STD benefits." Dkt. #51 at 3. Plaintiff then contrasts Unum's role in the program with that of a trustee, arguing that a fiduciary relationship was thereby created. Dkt. #51 at 3-5.

As Unum has noted, "Washington courts have yet to recognize a claim for breach of fiduciary duty by an insured against an insurer." *Baker v. Phoenix Ins. Co.*, 2014 U.S. Dist. LEXIS 7918, *9 (W.D. Wash. Jan. 22, 2014) (citations omitted). Moreover, this Court has already determined that Plaintiff is not a third-party beneficiary of the STD program contract between Unum and CHI. Dkt. #41. Indeed, the Court noted that "[w]hile the contract required Unum to administer claims for CHI, it did not require Unum to adjudicate claims in Plaintiff's favor or for his direct benefit." Dkt. #41 at 11 (citing Dkt. # 20 at 8). Further, Plaintiff fails to cite a single case in which a third-party administrator was deemed to have a fiduciary duty in a situation such as the instant matter. Accordingly, the Court agrees with Defendant that Plaintiff's Second Cause of Action should be dismissed.

   *2. Fifth Cause of Action – Violation of Washington's Consumer Protection Act*

Unum next moves to dismiss Plaintiff's Fifth Cause of Action, alleging a claim under Washington's Consumer Protection Act ("CPA"). Dkt. #47 at 5. Unum argues that Plaintiff has failed to state a claim under the CPA, and particularly has failed to establish an unfair or deceptive practice or that the public interest is affected. Dkt. #47 at 5. Plaintiff argues that Unum committed a *per se* violation that has the capacity to deceive the public. Dkt. #51 at 5-10. Plaintiff's argument is not persuasive.

In order to succeed on a CPA claim, Plaintiff must prove: (a) an unfair or deceptive act or practice; (b) that occurred in trade or commerce; (c) that has an impact on public interest; (d) that results in injury to plaintiff in their business or property; and (e) that satisfied the causal link between

the unfair or deceptive act and the injury suffered. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013). A plaintiff may predicate the first CPA element on "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem*, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013) (clarifying *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-86, 719 P.2d 531 (1986)). A defendant's act or practice is *per se* unfair or deceptive if the plaintiff shows it violates a statute declaring the conduct to be an unfair or deceptive act or practice in trade or commerce. *See Hangman Ridge*, 105 Wn.2d at 786. To state a claim for a *per se* CPA violation, the plaintiff must allege "'the existence of a pertinent statute'" and "'its violation.'" *Fid. Mortg. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 471, 128 P.3d 621 (2005) (quoting *Keyes v. Bollinger*, 31 Wn. App. 286, 290, 640 P.2d 1077 (1982)); *see Dempsey v. Joe Pignataro Chevrolet, Inc.*, 22 Wn. App. 384, 393, 589 P.2d 1265 (1979). Plaintiff has not done so here.

Plaintiff does not assert a statutory violation upon which his *per se* allegation is based. Rather, he alleges that the denial of his short-term disability claim itself is the violation because, as he alleges, "Unum substituted its own undisclosed definition of 'disabled' for the definition that was provided to participants in the STD program." Dkt. #51 at 6. Plaintiff's allegation reveals that he is really asserting a breach of contract claim specific to his denial of benefits. As such, he fails to meet the elements of a CPA claim, and his claim must be denied. Accordingly, the Court agrees with Defendant that Plaintiff's Fifth Cause of Action should also be dismissed.

**B. CHI's Motion to Dismiss**

The Court now turns to CHI's Motion to Dismiss. CHI asks the Court to dismiss a number of claims against it, several of which Plaintiff agrees to have stricken, and several of which Plaintiff asserts should be maintained.

*1. Agreed Claims for Dismissal*

As an initial matter, the Court now dismisses those claims in which Plaintiff has acquiesced. CHI moved to dismiss Plaintiff's Third, Sixth, Eighth and Ninth Causes of Action. Dkt. #48 at 3. Plaintiff has agreed that the Court may strike his Third and Sixth Causes of Action against CHI. Dkt. #57 at 1. Plaintiff further agrees that the portion of his Eighth Cause of Action that seeks clarification of his rights under ERISA may be dismissed as duplicative of his Tenth Cause of Action. Dkt. #57 at 1-2. Accordingly, the Third and Sixth Causes of Action and the agreed upon portion of the Eighth Cause of Action shall be dismissed against CHI.

*2. Eighth Cause of Action*

The Court next turns to the remainder of Plaintiff's Eighth Cause of Action. Plaintiff has already agreed to the dismissal of the portion of his claim seeking clarification of his rights under the LTD plan. That is the only basis for dismissal raised by CHI in its motion. Dkt. #48 at 14-15. As Plaintiff notes in his sur-reply, CHI raised the argument that they are not necessary parties to the Eighth Cause of Action for the first time in their Reply brief.[1] *See* Dkt. #60 at 2. The Court will not consider that argument. *See Smith v. U.S. Customs and Border Prot.*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014) ("[W]e generally decline to consider new arguments . . . especially when they are raised for the first time in the reply brief . . . ."); *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1138 n.11 (9th Cir. 2011) ("We do not consider new issues raised for the first time in a reply brief."). Accordingly, the remainder of Plaintiff's Eighth Cause of Action will not be dismissed.

---

[1] The Court also notes that only *pro hac* counsel has signed the Reply brief filed in support of the instant motion. Dkt. #58 at 9. The Court reminds counsel that under this Court's Local Rules, Local Counsel is required to sign and file all pleadings submitted to this Court, and the failure to do so may result in the Court striking such documents from consideration. *See* Local Rule 83.1(d)(2).

*3. Ninth Cause of Action*

Finally, the Court addresses Plaintiff's Ninth Cause of Action, alleging a violation of ERISA for CHI's failure to provide plan documents requested by Plaintiff. CHI argues that Plaintiff's claim fails as a matter of law because he has not alleged that he suffered any harm as a result of the alleged failure. Dkt. #48 at 15-16. Plaintiff responds that he is not required to make such an allegation to maintain his claim. Dkt. #57 at 4-6. The Court agrees with Plaintiff.

Although it does not appear that the Ninth Circuit Court of Appeals has addressed the question of whether an allegation of actual injury/damages is required to maintain a claim under 29 U.S.C. § 1132(c)(1) for an alleged failure to provide requested information, at least one District Court in this Circuit has noted that such a requirement does not exist:

> The purpose of [section 1132(c)(1)] is not to compensate participants for injuries, but to punish noncompliance with ERISA. Although neither prejudice nor injury are prerequisites to an award of sanctions pursuant to section 1132(c)(1), these are factors the court may consider in deciding whether to exercise its discretion to award a penalty.

*Teen Help v. Operating Eng'Rs Health & Welfare Trust Fund*, 1999 U.S. Dist. LEXIS 21989, 15 (N.D. Cal. Aug. 24, 1999). In reaching that conclusion, the court relied on a Tenth Circuit Court of Appeals decision which explained that "[t]he circuits are in general accord that neither prejudice nor injury are prerequisites to recovery under the penalty provisions of the statute." *Moothart v. Bell*, 21 F.3d 1499, 1506 (10th Cir. 1994). Such a conclusion is logical given that 29 U.S.C. § 1132(c)(1) provides for a potential award of statutory damages rather than actual damages, and given the intent behind the statute. Accordingly, the Court declines to dismiss Plaintiff's claim on the basis that he did not allege actual damages.

In the alternative, CHI has argued that they were not required to provide the documents requested by Plaintiff and therefore his claim fails anyway. Dkt. #58 at 6-8. However, CHI

raised this argument for the first time in its Reply.  Accordingly, the Court will not consider the argument.  *See Smith v. U.S. Customs and Border Prot.* and *Lacey v. Maricopa Cnty.*, *supra*.

## IV.   CONCLUSION

Having reviewed Defendants' motions, the oppositions thereto, the replies in support thereof, and the supporting declarations and exhibits, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Unum's Motion to Dismiss (Dkt. #47) is GRANTED.  Plaintiff's Second Cause of Action, alleging Breach of Fiduciary Duty against Unum, is DISMISSED with prejudice.  Plaintiff's Fifth Cause of Action, alleging violation of Washington's Consumer Protection Act against Unum, is DISMISSED with prejudice.

2. CHI's Motion to Dismiss (Dkt. #48) is GRANTED IN PART AND DENIED IN PART as discussed above.  Plaintiff's Third and Sixth Causes of Action against CHI are DISMISSED with prejudice.  Plaintiff's Eighth Cause of Action against CHI is DISMISSED IN PART to the extent it seeks clarification of his rights under ERISA.  Plaintiff's Ninth Cause of Action against CHI remains.

DATED this 26th day of March 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE